# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH A. BOONE,**

    **Plaintiff,**

**v.**                                                     **Civil Action No. 1:09cv130**
                                                        **(Judge Keeley)**

**KUMA J. EBOO, et al.,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR RELIEF

The *pro se* plaintiff initiated this case by filing a civil rights complaint on September 1, 2009. The plaintiff paid the required filing fee and is not proceeding as a pauper. Thus, on September 18, 2009, the Court entered a Rule 4(m) Notice advising the plaintiff of his obligation to serve process on the defendants within 120 days of the date the complaint had been filed. Moreover, the Clerk was directed to issue summonses to the plaintiff for all of the named defendants. On October 19, 2009, the plaintiff returned the summonses to the Court unexecuted. Proof of service was initially due on December 30, 2009.

On January 11, 2010, a review of the file revealed that the plaintiff had failed to timely file proof of service. Consequently, the Court directed the plaintiff to show cause why his case should not be dismissed for the failure to prosecute. The Court later granted plaintiff additional time to respond to the order to show cause.

On January 26, 2010, a motion was filed by Annie Boone to withdraw the plaintiff's complaint and refund his $350 filing fee. That motion was denied on January 28, 2010, because Ms.

Boone had no standing to make such a motion on the plaintiff's behalf and because the Court does not have the authority to refund filing fees once assessed.

On February 25, 2010, the plaintiff filed his response to the Court's show cause order. In his response, the plaintiff asserted that staff at FCI-Gilmer prevented him from preparing his legal papers and obstructed his ability to serve the defendants. Because he also asked for 60 days "concerning the serving of the summonses," the Court construed his response as a request for an extension of time and granted the motion. The plaintiff was given an additional 60 days to effect service of process on the defendants. Proof of service is now due on May 17, 2010.

On March 11, 2010, the plaintiff filed a notice of change of address. In his notice, the plaintiff advises the Court that he is now incarcerated at the United States Penitentiary in Coleman, Florida ("USP-Coleman").

This case is now before the undersigned on the plaintiff's "Motion for Relief, to Award Judgement (sic) to Plaintiff Motion(s) Concerning the Defendants Named Under this Civil Action No. 1:09cv130, for Different Reliefs to the Plaintiff by the Court, for Defendants Causing the Plaintiff to Default in Serving the Defendants their Summons (sic)." In the motion, the plaintiff asserts that staff at FCI-Gilmer deprived him of being able to serve process on the defendants. The plaintiff asserts that the actions of staff deprived him of his due process and other rights guaranteed under the Constitution of the United States. The plaintiff further contends that staff at USP-Coleman also retaliate against him. As a result, the plaintiff seeks the following relief:

> (1). In time served for the plaintiff in the B.O.P. Prison, Injunctive relief claim in the plaintiff motions in the court.
> (2). The plaintiff also ask (sic) for the court to award general damages to the plaintiff, in his motions in this court second.
> (3). The plaintiff also ask (sic) for the court to award punitive damages to the plaintiff in this motions within the court.

2

> (4). The plaintiff also ask (sic) the court to grant etc; relief to plaintiff as it deems appropriate, because the plaintiff has try (sic) to just resolve this whole issue in asking the defendants for minor relief.
>
> (5) Now the plaintiff ask (sic) that all of the above that can be place in monetary concerning general damages, and punitive damages, and what deem appropriate in the plaintiff relief, to be award (sic) to the plaintiff by the Court.

Motion (dckt. 58) at 3-4.

In his latest motion, the plaintiff asserts that "staff" at FCI-Gilmer have prevented him from effecting service of process on the defendants in this case and that "staff" at USP-Coleman have retaliated against him. All of these events have occurred subsequent to the filing of this case and are unrelated to the claims raised in the instant complaint. Moreover, it is not clear if the defendants in this case were in any way involved in these new allegations. In fact, any claims occurring at USP-Coleman would clearly not involve the named defendants and are outside of the jurisdiction of this Court.[1] The undersigned also notes that the plaintiff has not alleged that he has raised any of these issues within the Bureau of Prisons administrative remedy program, and even if he had, these issues could not possibly have been exhausted prior to the filing of this complaint.

For all of these reasons, the undersigned recommends that the plaintiff's "Motion for Relief, to Award Judgement (sic) to Plaintiff Motion(s) Concerning the Defendants Named Under this Civil Action No. 1:09cv130, for Different Reliefs to the Plaintiff by the Court, for Defendants Causing the Plaintiff to Default in Serving the Defendants their Summons (sic)" (dckt. 58) be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those

---

[1] The Coleman Complex is located within the jurisdiction of the United States District Court for the Middle District of Florida.

portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to any counsel of record via electronic means.

DATED: March 30, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE